**Richard A. READ, Roy L. Simons, Ananda M. Banerjee, Norman C. Tagland, Peter M. Silverberg, Srinivasaiyengar G. Rajan**

v.

**STONE AND WEBSTER ENGINEERING CORP.**

**No. CIV. A. 95–3517.**

United States District Court, E.D. Pennsylvania.

May 28, 1998.

---

**400**

Merri R. Lane, Philadelphia, PA, for Plaintiffs.

Michele M. Fox, Kenney & Kenney, Woodland Falls Corp. Park, Cherry Hill, NJ, for Defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendant, Stone and Webster Engineering Corporation moves for the entry of summary judgment in its favor as to the claims of plaintiffs Roy Simons, Richard Read, Peter Silverberg, Ananda Banerjee and Srinivasaiyengar Rajan. For the reasons set forth below, the motions shall be granted.

### Factual Background

This lawsuit has its origins in a company-wide reduction in force ("RIF") which defendant Stone and Webster ("S" & "W") commenced in June, 1992 ostensibly to reduce its operating expenses. According to the plaintiffs' complaint, defendant's RIF program resulted in the layoff of approximately 50 salaried employees in New Jersey alone. (Pl's Complaint, ¶ 15). The six plaintiffs here, all of whom aver that they were over 40 years of age and employed by defendant for 8 years or longer, were included among the employees laid off in defendant's Cherry Hill, New Jersey office.[1] Plaintiffs allege that at the time they were terminated and during the reduction in force, defendant was engaged in recruiting and hiring younger employees and that the RIF program resulted in the disparate treatment of and had a disparate impact on employees over the age of 40. In this manner, plaintiffs contend that their terminations under the reduction in force violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et. seq. ("ADEA").

In response, defendant contends that the reduction in force was necessary in view of the general downturn in the demand for engineering, construction and consulting services and thus plaintiffs' layoffs were not age-related. Defendant avers in support of its motion(s)[2] for summary judgment that plaintiffs have no direct or indirect evidence of discrimination to prove their claims or to rebut the legitimate, non-discriminatory reasons for its employment decisions.

### Standards Applicable to Summary Judgment Motions

The standards for determining whether summary judgment is properly entered in cases pending before the district courts are governed by Fed.R.Civ.P. 56. Subsection (c) of that rule states, in pertinent part,

> ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of li-

---

1. Plaintiffs were not all laid off at the same time, however. Specifically, Richard Read, employed for 17 years, was terminated on January 31, 1993; Roy L. Simons, a 19-year employee, was laid off on October 5, 1992; Ananda M. Banerjee, who had been employed for 14 years, was terminated on January 31, 1993; Norman Tagland, employed for 19 years, was let go on March 23, 1994; Peter Silverberg, with 8 years' tenure, was terminated on October 2, 1992 and Srinivasaiyengar G. Rajan, a 22-year employee, was laid off on April 4, 1994. (Complaint, ¶¶ s8–13).

2. Defendant has filed five separate but nearly identical motions for summary judgment—one as to each plaintiff. For ease of reference, however, we shall refer to these motions as one.

ability alone although there is a genuine issue as to the amount of damages.

In this way, a motion for summary judgment requires the court to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287 (D.C.Cir.1988), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988). *See Also: Aries Realty, Inc. v. AGS Columbia Associates*, 751 F.Supp. 444 (S.D.N.Y.1990).

As a general rule, the party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a summary judgment motion, the court must view the facts in the light most favorable to the party opposing the motion and all reasonable inferences from the facts must be drawn in favor of that party as well. *U.S. v. Kensington Hospital*, 760 F.Supp. 1120 (E.D.Pa. 1991); *Schillachi v. Flying Dutchman Motorcycle Club*, 751 F.Supp. 1169 (E.D.Pa. 1990).

When, however, "a motion for summary judgment is made and supported [by affidavits or otherwise], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response...must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate may be entered against [it]." Fed.R.Civ.P. 56(e).

A material fact has been defined as one which might affect the outcome of the suit under relevant substantive law. *Boykin v. Bloomsburg University of Pennsylvania*, 893 F.Supp. 378, 393 (M.D.Pa.1995) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*, citing *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

***Discussion***

Under the ADEA, 29 U.S.C. § 623(a)(1), "[i]t shall be unlawful for an employer...to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age."

■ To make out a claim for age discrimination under this statute, a plaintiff has the option of presenting either direct or circumstantial evidence of discrimination. *Torre v. Casio, Inc.*, 42 F.3d 825, 829 (3rd Cir.1994); *Gutknecht v. SmithKline Beecham Clinical Laboratories, Inc.*, 950 F.Supp. 667, 670 (E.D.Pa.1996), *aff'd w/o opinion*, 135 F.3d 764 (3rd Cir.1997). Direct evidence of discrimination is evidence which, if believed, would prove the existence of the fact in issue without inference or presumption. *Torre, supra*, citing *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir.1990). Statements by decision makers that are unrelated to the decisional process in terminating an employee do not satisfy the plaintiff's burden of producing direct evidence given that a showing must be made that the decision makers placed substantial negative reliance on an illegitimate criterion in reaching their decision. *Geiger v. AT & T Corp.*, 962 F.Supp. 637, 640–641 (E.D.Pa.1997); *Gutknecht, supra*, both citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 109 S.Ct. 1775, 1804–05, 104 L.Ed.2d 268 (1989) and *Armbruster v. Unisys Corp.*, 32 F.3d 768, 778 (3rd Cir.1994). Where the trier of fact must infer the discrimination on the basis of age from an employer's remarks, the evidence is not direct. *Torre*, at 829. *See Also: Perry v. Prudential–Bache Securities, Inc.*, 738 F.Supp. 843, 851 (D.N.J.1989), *aff'd w/o opinion*, 904 F.2d 696 (3rd Cir.), *cert. denied*, 498 U.S. 958, 111 S.Ct. 386, 112 L.Ed.2d 397 (1990).

■ In the absence of direct evidence of age discrimination, a plaintiff may nevertheless succeed upon a showing of circumstantial

evidence. In this scenario, the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) applies. Under this framework, a plaintiff must first present a prima facie case by establishing by a preponderance of the evidence that (1) he is over 40 years old, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) he was replaced by someone sufficiently younger to permit an inference of age discrimination. *Lawrence v. National Westminster Bank, New Jersey*, 98 F.3d 61, 65–66 (3rd Cir.1996). Where a plaintiff's discrimination claim is premised upon a reduction in force, the plaintiff must instead establish that he was a member of the protected class when he was laid off, that he was qualified for his position and that other similarly situated, but substantially younger employees were retained. *DiBiase v. Smith-Kline Beecham Corp.*, 48 F.3d 719 (3rd Cir.1995); *Martin v. General Electric Co.*, 891 F.Supp. 1052 (E.D.Pa.1995).

Once the plaintiff has made his prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *Id.*, citing *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3rd Cir.1995); *Gutknecht*, at 671. The employer satisfies its burden of production by introducing evidence which, if taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3rd Cir.1994). Once done, the burden rebounds to the plaintiff to now show that the employer's explanation is not true but was instead a pretext for discrimination. *Id.; See Also: Burdine*, 450 U.S. at 253–256, 101 S.Ct. at 1093–1095.

■ However, to survive summary judgment, a plaintiff need not go that far. Rather, plaintiff may prevail on such a motion by either (i) discrediting the employer's proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. *Torre v. Casio, supra.*, at 830; *Fuentes v. Perskie*, 32 F.3d at 764.

■ In contrast, a defendant-employer will succeed on summary judgment only if it shows that the plaintiff will be unable to introduce either direct evidence of a purpose to discriminate or indirect evidence by showing that the proffered reason is subject to factual dispute. *Geiger v. AT & T Corp.*, 962 F.Supp. 637, 640–641 (E.D.Pa.1997).

Applying all of the foregoing to this case, we would agree with defendant that plaintiffs have produced no direct evidence that their terminations were the result of age-bias on the part of the defendant company. Accordingly, we apply the *McDonnell Douglas–Burdine* principles to ascertain whether there is adequate circumstantial evidence to permit this action to go any further.

■ In so doing, we find that neither plaintiffs nor defendant have produced much evidence to support either of their positions. Nevertheless, it appears that each plaintiff was more than 40 years old at the time of termination in that Richard Read's date of birth is February 13, 1947, Roy Simons' is June 25, 1937, Peter Silverberg was born on April 9, 1939, Ananda Banerjee's birthdate is April 10, 1938 and Srinivasaiyengar Rajan's date of birth is June 22, 1936. (Exhibit "A" to Pls' Memorandum of Law in Opposition to Defendant's Motions for Summary Judgment). Inasmuch as each of these individuals had been employed for between 8 and 22 years, we will give plaintiffs the benefit of the doubt that they were qualified for their jobs. (Pls' Complaint and Defendant's Answer, at ¶ s8–13). Given that all of them were terminated in the course of the reduction in force, there can be no dispute but that each of the plaintiffs has suffered an adverse employment action.

Somewhat more problematic is the fourth element. Although it appears from the defendant's on-call and hiring records which are annexed to plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment that Defendant employed a number of employees who were

significantly younger than the plaintiffs at the time that plaintiffs were laid off, these same records reflect that defendant also employed other employees who were in the same general age group as plaintiffs. No evidence has been produced to support plaintiffs' claims that they were replaced by significantly younger employees or to delineate which employees were retained over others. (Exhibit "A" to Pls' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment). We therefore cannot find that plaintiffs have established the necessary prima facie case of age discrimination to proceed further.

■ Notwithstanding this conclusion and in the interest of a complete and thorough analysis, however, we shall look two steps further to determine if the defendant has articulated a legitimate, nondiscriminatory reason for the adverse employment decision and if so, whether there is any evidence to rebut this explanation. Again, a defendant-employer can satisfy its burden of production by introducing evidence which, if taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision. *Fuentes v. Perskie, supra.,* 32 F.3d at 763. On this point, defendant has produced only an affidavit and copies of correspondence from an employee in its Human Resources Department to the effect that the plaintiffs were terminated pursuant to a Reduction in Force due to Stone and Webster's diminished present and anticipated future work load. While this evidence is nearly as scant as that produced by plaintiffs, it is nonetheless adequate under the above-referenced standards to shift the burden back to plaintiffs to either discredit defendant's proffered reasons, or show that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. *See: Torre v. Casio, supra.,* at 830; *Fuentes,* 32 F.3d at 764.

■ On this element, plaintiffs have produced a transcript of a speech given by Charles Crocker, Defendant's Vice President on January 24, 1993 in which Crocker first optimistically discusses the proposals and bids which the company was making as well as the need to cut costs through reducing overhead and the employment rolls. (Exhibit "B" to Pls' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment). While this speech is interesting, we do not find anything in it which either discredits defendant's explanation for plaintiffs' layoffs or shows that discrimination was more likely than not a motivating or determinative cause for their terminations. We must therefore conclude that even if plaintiffs could be found to have stated a prima facie case of age discrimination, there is insufficient evidence that the defendant's explanation for the RIF was pretextual. Consequently, we have no alternative but to grant defendant's motion and enter judgment in its favor as a matter of law.

An appropriate order follows.

### ORDER

AND NOW, this 28th day of May, 1998, upon consideration of the Defendant's Motions for Summary Judgment as to Plaintiffs Richard A. Read, Roy L. Simons, Ananda M. Banerjee, Peter M. Silverberg and Srinivasaiyengar G. Rajan and the Response of the Plaintiffs thereto, it is hereby ORDERED that the Motions are GRANTED and Judgment is entered in favor of Defendant Stone and Webster Engineering Corporation and against Plaintiffs Read, Simons, Banerjee, Silverberg and Rajan in no amount.